IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ELLA MARIE STEVENSON,<br><br>Plaintiff,<br><br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 1:13CV81DAK |

This matter is before the court on Plaintiff's appeal of the Social Security Administration's denial of supplemental security income under the Social Security Act. This court has jurisdiction to review the final decision of the Commission of the Social Security Administration under the Social Security Act, 42 U.S.C. § 405(g). The court held oral argument on Plaintiff's appeal on February 24, 2014. At the hearing, Plaintiff was represented by Loren M. Lambert, and Defendant was represented by Michael S. Howard. The court took the matter under advisement. Having fully considered the parties' briefs and arguments, the administrative record, and the law and facts relevant to the appeal, the court enters the following Memorandum Decision and Order affirming the Social Security Administration's decision.

## BACKGROUND

On December 19, 2009, Plaintiff filed an application for supplemental security income,

alleging disability beginning July 1, 2009, based on asthma, anxiety, and depression.  At that time of her application, Plaintiff was 39 years old.  She had not worked for several years.  However, her previous employment included being a janitor, a convenience store cashier, a bartender, and a fast food worker.

In connection with her disability claim, Plaintiff was examined by Dr. Craig K. Swaner, Ph.D., for a psychological evaluation on July 20, 2010, and by Dr. Joseph W. Nelson, D.O., for a physical examination on August 28, 2010.  During the period in question, from approximately December 2009 to May 2011, Plaintiff was also examined several times at the Intermountain North Ogden Clinic by Dr. Chad R. Jensen, M.D. for asthma and various other medical issues.

On September 20, 2011, Plaintiff had a hearing on her disability application in front of an Administrative Law Judge ("ALJ").  After the hearing, on October 31, 2011, the ALJ issued a decision determining that Plaintiff was not disabled under Section 1614(a)(3)(A) of the Social Security Act.  The ALJ found that Plaintiff had the ability to perform a range of sedentary work that did not expose her to pulmonary irritants.

The Social Security Appeals Council declined to review the ALJ's decision, which made the ALJ's decision the Social Security Commissioner's final decision subject to judicial review.  20 C.F.R. § 422.210.

## LEGAL STANDARD

To be found "disabled" under the Social Security Act, the plaintiff must establish he "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. 423(d)(1)(A).  Under the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.  20 C.F.R. § 416.920.

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity.  *Id.* § 416.920(b).  At step two, the ALJ must determine whether the claimant has a medically determinable impairment or combination of impairments that is severe. *Id.* § 416.920(c).  At step three, the ALJ determines whether the claimant's impairment or combination of impairments is of a severity to meet, or be considered medically equal to, the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* §§ 416.920(d).  Before considering step four, the ALJ must determine the claimant's residual functional capacity. *Id.* § 416.920(e).  At step four, the ALJ must determine whether the claimant has the residual functional capacity to perform the requirements of her past relevant work.  *Id.* § 416.920(f).  At the last step, the ALJ must determine whether the claimant is able to do any other work considering her residual functional capacity, age, education, and work experience.  *Id.* § 416.920(g).

## ALJ'S DECISION

The ALJ analyzed Plaintiff's claim under the five-step process.  The ALJ determined that Plaintiff had not been engaged in substantial gainful activity since the application date in December 2009.  Next, the ALJ found that Plaintiff had two severe impairments–asthma and obesity.  Under Step 3, the ALJ concluded that Plaintiff's combination of impairments, including asthma, obesity, anxiety, depression, right knee arthritis, and hypertension, did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ found Plaintiff's residual functional capacity allowed her to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with the exception that she must avoid moderate exposure to pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation.  Finally, the ALJ found that while Plaintiff was not able to perform any of her past

3

relevant work, her age, education, work experience, and residual functional capacity, allowed her to perform certain jobs that exist in significant numbers in the national economy.  Accordingly, the ALJ concluded that Plaintiff was not disabled as that term is defined in the Social Security Act.

## STANDARD OF REVIEW

The court independently determines "whether the ALJ's decision is 'free from legal error and supported by substantial evidence.'" *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2006) (quoting *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005)).  Under 42 U.S.C. § 405(g), "[t]he findings of the Commission of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."   "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Wall*, 561 F.3d at 1052.  Although the court "will 'not reweigh the evidence or retry the case,'" it "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)).

## ANALYSIS

Plaintiff appeals the ALJ's decision, arguing that he did not give the opinions of her treating physician's appropriate weight, he did not properly analyze her obesity, and he did not properly consider lay witness testimony.  All of these challenges to the ALJ's decision relate to the ALJ's finding as to Plaintiff's residual functional capacity.  The residual functional capacity finding occurs before step four in the evaluation process and represents Plaintiff's abilities despite her limitations.

Although Plaintiff claims that her treating physician's opinions were not given their appropriate weight, she ignores the timeline in the records.  The records demonstrate that Plaintiff's asthma condition was helped when she began using a controller inhaler, the records show the use of asmanex and advair.  At her appointment with Dr. Jensen on December 4, 2009, he noted that her asthma was uncontrolled and he "stressed to her that she really needs a controller medication."  He started her on samples of Asmanex.  Plaintiff listed that she was taking advair, asmanex, and ventolin for asthma on an undated "Disability Report - Adult - Form SSA-3368."  In a "Disability Report - Appeal - Form SSA-3441," she also listed that she was taking asmanex and ventolin for asthma.  In what appears to be a subsequent "Disability Report - Appeal - Form SSA-3441," Plaintiff again listed that she was taking asmanex for her asthma.

After she began using such medication, her lung function tests improved.  In her visits with Dr. Jensen in January and March of 2010, there are no special notations for problems with asthma and he notes that there is no respiratory distress.  In May 2010, Dr. Biggs saw Plaintiff for a runny/stuffy nose, sinus pressure, and coughing and wheezing.  Dr. Biggs noted that she had asthma and needed an inhaler, but she had no significant abnormalities listed.  When she was seen by Dr. Nelson in August of 2010, he indicated that her lungs were clear, he detected no "wheezing, crackles, or ronchi," her oxygen saturation was 94%, and he was unable to find any abnormalities that would limit Plaintiff's ability to work related to asthma.

In this case, the ALJ gave weight to Dr. Nelson's report and findings.  The ALJ also listed Plaintiff's treatment notes and did not discount any of her doctor's findings.  Significantly, in this case, no treating physician suggested that Plaintiff was disabled.  This is not a case where the ALJ weighed and rejected a treating physician's opinion.  Moreover, Plaintiff improperly relies on statements she made to doctors, which are not evidence, and statements made by the

psychologist, which are also not relevant to the determination regarding her physical condition.

Plaintiff questions whether the ALJ properly relied on Dr. Nelson's entire report because there is a section listing "Functional Limitations" that would place Plaintiff below the level of sedentary work. The "functional limitations" are listed as walking one half block because of shortness of breath and coughing, no limitations on sitting, five to ten minutes of standing because of foot pain, and lifting limited to five pounds due to shortness of breath. Although Plaintiff points out that Dr. Nelson does not specifically identify that these limitations are from Plaintiff, they are listed on the first page of his report and are surrounded by other matters of history that he received from the patient. On page two of his report, he includes a hearing stating physical exam and then lists his findings from the exam. On the last page of his report, he includes a final paragraph entitled "impressions." The "impressions" section states that he was "unable to find any abnormalities on exam today that would limit this patient's ability to work related to this condition." If Dr. Nelson intended the functional limitations to apply to Plaintiff's ability to work, he would have listed them in that section. Moreover, the functional limitations are not listed as they would be if the doctor had intended them to limit her ability to work. The doctor would have quantified her mobility differently than "walk half a block."

Plaintiffs have not demonstrated any medical records after the time that she began using a controller medication, such as asmanex, that support a finding of disability with respect to Plaintiff's asthma. The court concludes that the ALJ did not improperly consider the medical evidence or opinions in this case and did not attempt to substitute his own opinions for that of the doctors. The ALJ's medical findings are supported by substantial evidence.

Next, Plaintiff argues that the ALJ did not account for the effect of her obesity on her asthma. However, the ALJ specifically listed Plaintiff's obesity at steps two and three in the

6

evaluation process and considered it in her residual functional capacity.  It is also clear that her doctors were aware of the obesity and noted the condition.  However, there is no indication from any of the treating physicians that they thought it specifically impacted or affected her asthma. With respect to other conditions, Dr. Jensen noted that Plaintiff was attempting to help the condition with diet.  However, he did not make such a link with Plaintiff's asthma.  The court concludes that there is no basis for finding error in the ALJ consideration of Plaintiff's obesity.

Additionally, Plaintiff asserts that the ALJ did not properly consider lay testimony in support of Plaintiff's disability claim.  However, the ALJ expressly discussed the statements. The court finds no error in the ALJ's consideration of the statements.  To the extent that the statements were inconsistent with statements or representations Plaintiff herself had made in connection with her claim, the ALJ properly discounted the other lay statements.  The ALJ weighed the reports consistent with agency policy.  Accordingly, the court finds no basis for remand based on lay witness testimony.

Finally, Plaintiff takes issue with the ALJ's findings that some of her testimony lacked credibility.  The court does not find any of these findings to be lacking in support.  Plaintiff claims that some of the ALJ's findings are circular.  However, the administrative record demonstrates that the ALJ was basing his findings on evidence in the record which had been provided by Plaintiff herself.  Some of Plaintiff's prior written submissions to the agency contradicted her testimony at the hearing.  Moreover, the administrative record shows that as Plaintiff's medical records were demonstrating improvement in her condition, Plaintiff's self evaluations and statements were that the condition was worsening.  The ALJ was not unreasonable in finding such statements to lack credibility.

After reviewing the administrative record as a whole, the court concludes that Plaintiff

does not meet the requirements for being disabled under the Social Security Act and the ALJ's

decision should be affirmed.  The court finds no basis for Plaintiff's challenge to the ALJ's

decision in this case. The ALJ's decision is free of legal error and supported by substantial

evidence.

## CONCLUSION

Based on the above reasoning, the court AFFIRMS the ALJ's decision in this case.

Accordingly, Plaintiff's appeal is DISMISSED.

DATED this 26th  day of February, 2014.

BY THE COURT:

Dale A. Kimball,
United States District Judge